[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 28, 2006
THOMAS K. KAHN
CLERK

No. 06-11740
Non-Argument Calendar

_____

D. C. Docket No. 05-61885-CV-KAM

CHARLES E. MCBRIDE,

Plaintiff-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 28, 2006)**

Before TJOFLAT, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Charles McBride, a pro se prisoner, appeals the sua sponte dismissal,

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), of his 42 U.S.C. § 1983 action for failure to state a claim upon which relief may be granted. McBride filed this § 1983 action alleging several violations of the U.S. Constitution stemming from his criminal conviction by a jury of only five members and seeking damages therefor.

The Supreme Court held in Heck v. Humphrey that:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. 477, 486-87 (1994). If this type of § 1983 action is brought before the challenged conviction or sentence is invalidated, it must be dismissed. Id. at 487. Thus, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id.

In this case, all of McBride's claims stem from the central allegation that his criminal trial was unconstitutional because there were only five members of the jury panel instead of six. In order to rule in favor of McBride on his § 1983 claims, therefore, we must determine that his trial was unconstitutional. Because

2

this determination would necessarily render his conviction and sentence invalid, and because McBride has not proven that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, the complaint must be dismissed pursuant to Heck.

**AFFIRMED**